**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CITY OF PHILADELPHIA,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6054** |
| | : | |
| **AISHA ASHA BRADLEY,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                           **DECEMBER 13, 2024**

*Pro se* litigant Aisha Asha Bradley filed a notice to remove to this Court a real estate tax lien case filed by the City of Philadelphia against Bradley and others in the Court of Common Pleas of Philadelphia County. *See City of Philadelphia v. Simon, et al.*, Phila. No. 2305T0155 (C.P. Phila., May Term 2023). For the reasons that follow, the Court lacks subject matter jurisdiction over this case and will remand it back to the Court of Common Pleas of Philadelphia County.

**I.      BACKGROUND**[1]

Bradley seeks to remove three state court civil tax actions brought by the City of Philadelphia regarding delinquent real estate taxes for a property listed at 800 Seffert Street, Philadelphia, PA 19128. The notice of removal in this case relates specifically to Unit D of the

---

[1] The factual allegations are taken from the Notice of Removal (ECF No. 2), as well as from the underlying state civil tax actions, of which this Court can take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket."). The Court adopts the pagination supplied by the CM/ECF docketing system.

Seffert Street property.[2]  Earlier this year, Bradley unsuccessfully tried to remove the same state civil tax actions to this Court.  In all three cases, which were assigned to the late Judge Gene E.K. Pratter, the Court concluded that it lacked subject matter jurisdiction over the actions and remanded the cases to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c).[3]  After the cases were remanded, Bradley filed a "Praecipe to Issue Writ to Join Additional Defendants" in each of the three state civil tax actions, in which she attempted to add as Defendants Judge Pratter and Third Circuit Court of Appeals Judge Tamika R. Montgomery-Reeves.  In the Notice of Removal filed in this case, Bradley states that Judge Pratter was "added as a Defendant . . . due to false statements in her February 1, 2024 Memorandums and Court Orders."  (ECF No. 2 at 12.)  She states that Judge Montgomery-Reeves was named as a Defendant "due to false statements in her Court Orders."  (*Id*.)

The Notice of Removal in this case names 50 individuals and entities as "counterclaim/crossclaim – Respondent and/or Defendants," including Judge Pratter, Judge Montgomery-Reeves, other Pennsylvania judges, city and state employees, attorneys, and courts.

---

[2] In *City of Philadelphia v. Bradley*, Civ. A. No. 24-6156, Bradley seeks to remove the civil tax action brought by the City of Philadelphia regarding delinquent real estate taxes for Unit A of the Seffert Street property.  *See City of Philadelphia v. Bradley, et al.*, Phila. No. 2310T0202 (C.P. Phila., Oct. Term 2023).  In *City of Philadelphia v. Bradley*, Civ. A. No. 24-6155, Bradley seeks to remove the civil tax action brought by the City of Philadelphia regarding delinquent real estate taxes for Unit C of the Seffert Street property.  *See City of Philadelphia v. Simon, et al.*, Phila. No. 2305T0156 (C.P. Phila., May Term 2023).  As addressed in separate memoranda, these civil actions will also be remanded to the Court of Common Pleas of Philadelphia County.

[3] *See City of Phila. v. Bradley*, Civ. A. No. 24-015, at ECF Nos. 52, 53; *City of Phila. v. Bradley*. Civ, A. No. 24-116, at ECF Nos. 45, 46; *City of Phila. v. Bradley*, Civ. A. No. 24-269, at ECF Nos. 21, 22.  On appeal, the Third Circuit Court of Appeals dismissed each of Bradley's appeals for lack of jurisdiction.  *See, e.g.*, *City of Philadelphia v. Bradley*, Case No. 24-1210 (3d Cir.), at ECF No. 65 at 4 ("The District Court remanded this matter for lack of subject-matter jurisdiction.  This type of 'routine' jurisdictional determination falls within the prohibition of appellate review under § 1447(d).").

(*Id*. at 2-8.)  Although Bradley states that she asserts crossclaims and counterclaims pursuant to 42 U.S.C. § 1983 (*see id*. at 18), she does not allege the nature of the crossclaims and counterclaims and does not state against which Defendant she asserts them.  Bradley instead vaguely states that she seeks to remove "due to lack of jurisdiction, violation of federal laws, and conflict of interest" in her underlying state court case.  (*Id*. at 9.)  In a section of the Notice of Removal titled "Relief Requested," Bradley requests that the Court exercise jurisdiction over her removed case and that the Court "issue a writ of certiorari on the Common Pleas Court of Philadelphia" and "order all the records, and proceedings from the Common Pleas Court."  (*Id*. at 14-15.)  She contends that because she seeks to add two federal employees (Judge Pratter and Judge Montgomery-Reeves) to her underlying state civil tax actions, this Court now has jurisdiction over her state court actions and the removal is proper.  (*See id*. at 2, 10, 12-13, 18.)

## II.     LEGAL STANDARD

A defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court."  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  Pursuant to 28 U.S.C. § 1441, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question."  *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

## III.    DISCUSSION

The Court understands Bradley to allege that it has jurisdiction over her removed state

3

civil tax action because (1) she asserts federal counterclaims and crossclaims pursuant to § 1983, and (2) she has added two federal judges as defendants in her underlying state civil tax action. Neither argument has merit.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In order for a state action to be removable to federal court under § 1441 and § 1331, "the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). This is referred to as the well-pleaded complaint rule. *Krashna*, 895 F.2d at 113. Pursuant to this rule, a defendant's intention to raise federal defenses to the claims against her, including counterclaims and crossclaims, does not establish a basis for removal. *See United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) ("It is one of the settled principles of federal jurisdiction jurisprudence that the federal question must appear on the face of the complaint, and that federal jurisdiction cannot be created by anticipating a defense based on federal law."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (holding that counterclaims cannot serve as the basis for federal jurisdiction under the well-pleaded complaint rule); *Bracken*, 296 F.3d at 163-64.

Because the case Bradley seeks to remove is predicated entirely on Pennsylvania tax law, rather than federal law, it is not subject to removal. *See, e.g., Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 115 (3d Cir. 2016) ("Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court. Consequently, it was not removable under 28 U.S.C. § 1441(a)."); *see also Lott v. Duffy*, 579 F.

App'x 87, 89-90 (3d Cir. 2014) (*per curiam*) (observing that an "ejectment action . . . is governed by state law, . . . does not present a federal question[,]" and therefore "belongs back in state court"). That Bradley attempts to assert counterclaims and crossclaims under § 1983, a federal statute, does not generate federal court jurisdiction or render the otherwise unremovable case removable. *See Holmes Grp.,* 535 U.S. at 832; *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015) ("[B]ecause the face of Plaintiff's [state law foreclosure] Complaint identifies no federal question, this Court lacks subject matter jurisdiction, irrespective of Defendants' reliance upon a federal defense and/or assertion of a federal counterclaim.").

Nor does naming two federal judges in the state civil tax action manufacture federal court jurisdiction for purposes of removal. It is not clear to the Court that Judge Pratter and Judge Montgomery-Reeves were actually served with a summons in the state court action. However, assuming that the federal judges are now defendants in the underlying state civil tax action, removal is still not proper. Bradley asserts that her claims against Judge Pratter and Judge Montgomery-Reeves center on alleged "false statements" they made in connection with memoranda and orders entered in Bradley's previous federal cases and appeals. Putting aside that these claims are meritless on absolute judicial immunity grounds, *see, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978), the claims nevertheless fail to establish federal court jurisdiction. To invoke the Court's federal jurisdiction upon removal, there must be a "substantial, disputed question of federal law" that is a "necessary element" to one of the underlying claims in the state court action. *Parell*, 783 F.2d at 366 (finding no federal question existed because right to relief under state law did not require resolution of a substantial question of federal law). Bradley's claims against Judge Pratter and Judge Montgomery-Reeves in no

way relate to the underlying state cases involving delinquent real estate taxes on the Seffert Street property.

Bradley's reliance on two federal statutes to establish this Court's jurisdiction over the state civil tax action is misplaced. The first, 28 U.S.C. § 1442(a), known as the federal-officer removal statute, permits certain officers of the United States to remove actions to federal court. 28 U.S.C. § 1442(a)(1). The statute also "allows 'private persons who lawfully assist [a] federal officer in the performance of [her] official duty' to remove a case to federal court." *Mohr v. Trustees of Univ. of Pennsylvania*, 93 F.4th 100, 104-05 (3d Cir. 2024) (quoting *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 404 (3d Cir. 2021)). Bradley is neither a federal officer nor a private person who assisted Judge Pratter or Judge Montgomery-Reeves in their official duties. In short, the federal-officer removal statute does not provide Bradley an avenue to remove her state civil tax action to this Court. Bradley also relies on 28 U.S.C. § 1346, which provides federal court jurisdiction in certain cases where the United States is named as a Defendant. Nowhere is the United States named as a Defendant in the state civil tax actions. Even if it was, the claims Bradley asserts against the federal judges do not in any way involve internal revenue taxes, *see id*. at § 1346(a)(1), money damages for an express or implied contract with the United States, *see id*. at § 1346(a)(2), or injury or loss of property caused by negligence, *see id*. at § 1346(b). Thus, § 1346 similarly does not provide Bradley an avenue to remove her state civil tax actions to this Court.

Finally, Bradley and least some of the other Defendants appear to be Pennsylvania citizens. (*See* ECF No. 2 at 26-40.) Thus, there is no diversity jurisdiction under 28 U.S.C. § 1332(a) to allow for removal of the state civil tax action. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (explaining that section 1332(a) requires "complete

diversity between all plaintiffs and all defendants," which means that "unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." (cleaned up)). Accordingly, subject matter jurisdiction is lacking.

## IV.   CONCLUSION

After reviewing Bradley's Petition for Removal and the other documents she has filed in this case, it is clear that this Court lacks subject matter jurisdiction over this action and must remand it to the Court of Common Pleas of Philadelphia County. Bradley's Motion for Recusal (ECF No. 17) and Motions to Reconsider and Vacate the Court's November 21, 2021 Order revoking her privilege to use the Court's Electronic Document Submission Tool ("EDS") (ECF Nos. 16, 18) will be denied.[4] Bradley's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and

---

[4] Bradley offers no basis in her Motion for Recusal except to allege without any explanation that the Court showed "bias" by entering the November 21, 2024 Order revoking her privilege to use the EDS tool. However, recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See Liteky v. United States*, 510 U.S. 540, 554 (1994); *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015) (*per curiam*); *see also United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations.").

Bradley's Motions to Reconsider and Vacate the Court's November 21, 2024 Order will also be denied. Bradley states that she is unemployed and cannot afford paper, ink, and postage to either send or hand-deliver documents to the Court. (ECF No. 17 at 2.) Despite the challenges she faces, Bradley has managed to file numerous multi-page pleadings with the Court in person. As the Court explained in its November 21 Order, "[u]sing EDS to submit documents to the Court is a privilege; it is not a right." (ECF No. 7 at 2.) Bradley's numerous filings in this case and her prior cases proved to be a burden on the Court, thus justifying the revocation of her right to use the EDS tool. Notably, Bradley's abuse of her ability to file electronically also caused the United States Court of Appeals for the Third Circuit to revoke her electronic filing privileges. *City of Philadelphia v. Bradley*, No. 24-1210 (3d Cir.), at ECF No. 118 (directing the Clerk to "immediately terminate [Bradley's] electronic filing privileges as [she] has abused the system by excessive filings" and not to accept any other filings submitted by Bradley related to her appeal). The Third Circuit also warned Bradley that if she continued to submit documents contrary to the Court's order, she could be subject to sanctions in the form of a monetary fine or additional filing restrictions. *Id.* This Court reiterates the same warning to Bradley here.

7

other pending motions (ECF Nos. 4, 8, 9, 13, 14, 15, 19, 20, 21) will be denied as moot.

    An appropriate order follows.

                                      **BY THE COURT:**

                                        /s/ Juan R. Sánchez
                                      **JUAN R. SÁNCHEZ, J.**